Syllabus.

# Richmond.

## COMMONWEALTH v. McCUE's EXECUTORS AND OTHERS.

### March 11, 1909.

### Absent, Keith, P.

1. CRIMINAL LAW—*Costs of Prosecution—Execution Without Formal Judgment—Code, Section 4087.*—Under section 4087 of the Code, the accused, in every criminal case, is liable for the costs of his conviction, without any formal entry of the judgment therefor. The clerk of the court is required to make up a statement of all expenses incident to the prosecution and to issue execution therefor as though judgment had been rendered therefor in favor of the Commonwealth against the accused as a fine. The costs are no part of the punishment of the accused, but are given simply to reimburse the State for necessary expenditures in the enforcement of its violated laws.

2. CRIMINAL LAW—*Costs—Enforcement by Auditor—Consent of State—When State Not a Party to Proceedings.*—The auditor of public accounts, under the statute law of this State, is the only officer empowered to institute proceedings for the collection of costs due the State in a criminal prosecution. If the claim for such costs be asserted in a chancery suit by the local attorney for the Commonwealth, without the consent and approval of the auditor, it is a proceeding without authority, the State does not thereby become a party, and is not bound by any decree affecting her rights. The State cannot be impleaded without her consent.

3. ESTOPPEL—*Refusal of One Court to Take Jurisdiction—Application to Another Court.*—The refusal of a court to take jurisdiction of a claim because another court of competent jurisdiction has sole jurisdiction of the case does not estop the creditor from asserting his claim in the latter court.

4. EXECUTORS AND ADMINISTRATORS—*Bill to Convene Creditors—When Claims May be Asserted.*—A creditor has the right to assert his

claim against the estate of a decedent in a suit where the estate of such decedent is being administered at any time before the assets of the estate have been administered.

Appeal from a decree of the Corporation Court of the city of Charlottesville in the chancery suit of *McCue's Ex'ors* v. *McCue and others,* in which the Commonwealth of Virginia filed her petition.   Decree for the defendants in the petition. The Commonwealth appeals.

*Reversed.*

The opinion states the case.

*Attorney-General Wm. A. Anderson* and *A. D. Dabney,* for the Commonwealth.

*Harmon & Walsh* and *E. O. McCue,* for the appellees.

HARRISON, J., delivered the opinion of the court.

J. Samuel McCue was convicted on the 9th of November, 1904, of the murder of his wife, and the question presented by this appeal is whether his estate is liable for the costs incurred and paid by the Commonwealth in his prosecution for that offense.

That the accused, in every criminal case, is liable for the costs of his conviction plainly appears from the statute, which is as follows: *"In every criminal case, the clerk of the court in which the accused is convicted, or, if the conviction be before a justice, the clerk to which the justice certifies as aforesaid, shall, as soon as may be, make up a statement of all the expenses incident to the prosecution, including such as are certified under the preceding section, and execution for the amount of such expenses shall be issued and proceeded with; and chapter thirty-one shall apply thereto in like manner as if, on the day of completing said statement, there was a judgment in such court in favor of the Commonwealth against the accused for the said amount as a fine."*   Code, 1904, sec. 4087.

More than fifty years ago this statute was considered by this court, and the character of the obligation thereunder of a person convicted of crime to the Commonwealth for the costs incident to his prosecution and conviction was discussed and defined to be an exaction, "simply for the purpose of reimbursing to the public treasury the precise amount which the conduct of the defendant has rendered it necessary should be expended for the vindication of the public justice of the State and its violated laws. It is money paid, laid out and expended for the purpose of repairing the consequences of the defendant's wrong. It is demanded of him for a good and sufficient consideration, and constitutes an item of debt from him to the Commonwealth. Payment of costs is no part of the sentence of the court, and constitutes no part of the penalty or punishment prescribed for the offense. Indeed, our statute expressly declares that the laws of costs shall not be interpreted as penal laws; they are to be construed as remedial statutes, and liberally and beneficially expounded for the sake of the remedy which they administer. The right to enforce payment of them is a mere incident to the conviction, and thereby vested in the Commonwealth for the sole purpose of replacing in the treasury the amount which the defendant himself has caused to be withdrawn from it." *Anglea's case,* 10 Gratt. 696, 701.

For some reason, not shown by the record, the clerk of the court did not make up the statement of the costs incident to the prosecution, as contemplated by section 4087 of the Code, until May, 1905, about three months after the accused had been executed, and no execution was issued thereon until the 10th day of March, 1906. In the meantime, this chancery suit had been instituted in the Corporation Court of the city of Charlottesville by McCue's executors to settle up his estate, in which it was asked that the creditors of the testator should be required to prove their debts. It thus appears that at the time the execution was issued for the costs incident to the prosecution and conviction of the accused, the Corporation Court of

Charlottesville had taken jurisdiction of the estate of the deceased. The execution being unavailing as a means of collecting the debt due the Commonwealth, the Commonwealth's attorney of the city of Charlottesville filed the execution for costs before the commissioner who was, under a decree in this cause, taking an account of the debts of the decedent. The auditor of public accounts being informed of this action declined to assert the claim before the commissioner, and thereafter brought suit, by motion, in the Circuit Court of the city of Richmond against the executors of J. S. McCue, deceased, but that court declined to take jurisdiction of the suit, upon the ground that the Corporation Court of Charlottesville had sole jurisdiction with respect to the matter involved.

In the mean time, a report of debts had been filed in this cause, finding adversely to the claim of the Commonwealth, which report had been, without exception, confirmed. Thereupon, the Commonwealth of Virginia, suing by Morton Marye, auditor of public accounts, filed her petition in this cause, asserting the claim for costs here involved, and asking that so much of the decree of May 29, 1906, as passed upon and rejected her claim be reheard and set aside, and that such claim be ascertained and decreed to be paid out of the assets of the estate of J. S. McCue. A demurrer to this petition by the executors and heirs of J. S. McCue was sustained, and the petition dismissed upon the ground that there was no error of law apparent upon the face of the decree complained of. From this decree the Commonwealth of Virginia has appealed.

It is contended on behalf of the appellees that the petition filed by the Commonwealth in this cause must be considered and classified as a bill of review; and that, under the rules of pleading, it was not permissible for the Commonwealth, in this way, to get a rehearing of the decree by which the Corporation Court of Charlottesville had already adversely adjudicated her right to recover.

This contention is based upon the fallacious assumption that

the Commonwealth was before the court when the decree relied on as an adjudication of her rights was entered. This position is not tenable. There is no law which authorizes any officer of the State to represent the Commonwealth in the matter of collecting an indebtedness due to her of the character here asserted, other than ch. 30 of the Code of 1904, which expressly makes it the duty of the auditor of public accounts "to institute and prosecute all proceedings proper to enforce the payment of money to the Commonwealth." Code, sec. 681.

It is plain from an examination of the law that the auditor of public accounts was the only officer empowered to institute proceedings for the collection of the indebtedness in favor of the Commonwealth which is here asserted; and it is equally clear that the Commonwealth could not be impleaded without her consent. No power was devolved upon the Commonwealth's attorney of the city of Charlottesville to prove the debt in question before the commissioner who was auditing the claims against McCue's estate in this case, or to institute any other proceeding for its collection; and the finding of the master commissioner adversely to the claim, and the decree of court confirming that finding were without any binding force or effect, so far as the claim now asserted by the Commonwealth is concerned.

This claim for costs was asserted in this cause for the first time in any legal form, or by any competent authority, when the petition of the Commonwealth of Virginia, suing by her auditor of public accounts, was filed herein on the 17th day of June, 1907. Until this petition was filed the Commonwealth was not a party to this suit, and the only officer who had the right to consent that she should be made a party had refused to give such consent. The State could not, over her protest, be made constructively a party, and be bound by an adjudication of her rights, under such circumstances.

It is contended, on behalf of the appellees, that the Commonwealth is estopped from asserting this claim for costs by the judgment of the Circuit Court of the city of Richmond.

This position cannot be sustained.  The judgment of the Circuit Court of Richmond was not upon the merits, but upon a question of jurisdiction, the court holding that the Corporation Court of Charlottesville had sole jurisdiction in the case, and for that reason dismissed the motion.  The effect of this judgment was to remand the Commonwealth to the Corporation Court of Charlottesville, and to this suit, then pending therein, for relief.

The Commonwealth had a right, at any time before McCue's estate had been finally administered in this suit, to come in and assert her claim, and ask that provision be made for its payment; and the petition which was filed was a proper and sufficient pleading for that purpose.  That it is the right of a creditor to assert his claim against the decedent in a suit where the estate of such decedent is being administered, at any time before the assets of the estate have been disbursed, is the established practice of courts of equity in this State.  *Wooding's Executrix* v. *Bradley's Ex'or,* 76 Va. 614.

We are of opinion that the demurrer to the petition filed by the Commonwealth should have been overruled, the amount of her claim for costs ascertained, if disputed, and a decree entered for its payment out of the assets of the estate of J. Samuel McCue in the hands of his executors to be administered.

The decrees complained of must, therefore, be reversed and set aside, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*