## Richmond

CLEM KINCAID V. COMMONWEALTH OF VIRGINIA.

December 1, 1958.

Record No. 4874.

Present, All the Justices.

The opinion states the case.

*E. A. Gentry* and *Harry E. Webb, Jr.*, for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

Kincaid was convicted in the circuit court on April 23, 1957, of reckless driving. Twenty-four days thereafter, on May 17, 1957, he was again apprehended and charged with reckless driving. He was tried and convicted of this latter charge on November 6, 1957, and the judgment entered on that conviction is the subject of this appeal.

During the course of the trial the Commonwealth introduced evidence of the previous conviction (April 23, 1957), which evidence was admitted over the objection of the accused wherein he asserted that the evidence was inadmissible as the warrant on which he was being tried did not charge a second offense.

In instructing the jury, over the objection of the accused, the court set forth the penalties for a second offense of reckless driving, and the jury imposed a fine as permitted under the instruction and as provided in the statute (Code, § 46-210 as amended; now § 46.1-192, 1958 Cum. Supp.) for a second offense.

The accused moved to set aside the verdict as contrary to the law and the evidence and without evidence to support it, and further urged the court to grant him a new trial on the ground that the court erred in permitting the introduction of evidence relating to the previous conviction. These motions were overruled and judgment was entered on the jury's verdict, from which we granted an appeal.

The accused assigns three errors which he says present the following questions:

"(1) May the Commonwealth in a criminal case introduce evidence of a prior conviction of a similar offense and have the court instruct the jury as to the punishment for a second or subsequent offense where the warrant being tried neither charges nor alleges such prior conviction?

"(2) May a conviction for reckless driving stand where the Commonwealth's evidence fails to identify the defendant as the driver of the vehicle?

"(3) May a defendant in a criminal case be taxed with the costs of a jury without invading his constitutional right to trial by jury?"

Dealing with the first question, Code § 46-210 as amended (now § 46.1-192, 1958 Cum. Supp.), provides *inter alia:*

"* * * (E)very * * * person convicted of reckless driving * * *

shall for the first violation, be punished by a fine of not less than ten dollars nor more than one hundred dollars, or by imprisonment in jail for not more than thirty days or by both such fine and imprisonment; for each second or subsequent conviction for the offense of reckless driving * * * committed within twelve months from the date of a prior conviction for reckless driving, every such person shall be punished by a fine of not less than fifty dollars, nor more than five hundred dollars, or by imprisonment in jail for not less than ten days, nor more than six months, or by both such fine and imprisonment."

In this instance the warrant simply charged that the accused did "unlawfully operate a motor vehicle on the public road in a reckless manner." Thus he should have been put on trial for the offense as charged and no other.

The Commonwealth argues that the failure of the trial court to amend the warrant as authorized by §§ 16.1-137 and 19-149 did not prejudice the rights of the accused. With this we do not agree. While it is true that criminal warrants are less technical than indictments, the principles generally involved in prosecutions under them are the same. We have many times held that where an offense is punishable with a higher penalty, because it is a second or subsequent offense of the same kind, the more severe punishment cannot be inflicted unless the indictment charges that it is a second or subsequent offense. Under rules of criminal pleading the indictment must contain an averment of facts essential to the punishment to be inflicted. *Shiflett* v. *Commonwealth*, 114 Va. 876, 879, 77 S. E. 606; *Keeney* v. *Commonwealth*, 147 Va. 678, 685, 137 S. E. 478; *Commonwealth* v. *Ellett*, 174 Va. 403, 413, 4 S. E. 2d 762, 766. Thus, as the original warrant did not charge a second offense, and no timely amendment having been made, it was error for the court to admit the evidence relating to the prior conviction and to instruct the jury regarding the punishment for a second offense.

█ There is no merit in the assignment posed by the second question. The evidence disclosed that Sheriff Gallatin identified the accused as the driver of the car. Trooper O'Dell stated that he saw the car "come down Spruce Street to the intersection with Main Street"; that he followed the car as it was driven onto Route 220 and followed it for a distance of 4.5 miles south of Monterey; that he observed the accused in the car turning it around; that in the chase he was driving "about 80 miles an hour" and "never gained on

the Kincaid car". Witness Carroll testified that he was driving on Route 220 at the rate of 55 miles an hour when the car belonging to accused crossed over a solid line and passed him.

Under the evidence, the issues involving the identity of the accused and whether or not he was guilty of reckless driving were for the determination of the jury. *Toler* v. *Commonwealth*, 188 Va. 774, 781, 51 S. E. 2d 210, 213.

Neither is there merit in the third assignment that the taxing of the costs of the jury is an invasion of the constitutional right of the accused to a trial by jury. Section 8, Article I, of the Constitution of Virginia provides in part:

"That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty."

Code, § 19-296 imposes upon the clerk of the court the duty to make up a "statement of all the expenses incident to the prosecution" and issue an execution therefor. The costs of a jury are an expense incident to the prosecution, and its collection violates no constitutional right of the accused. This statute has been considered by our court in several cases. In *Commonwealth* v. *McCue* (1909), 109 Va. 302, 304, 63 S. E. 1066, we said:

"More than fifty years ago this statute was considered by this court, and the character of the obligation thereunder of a person convicted of crime to the Commonwealth for the costs incident to his prosecution and conviction was discussed and defined to be an exaction, 'simply for the purpose of reimbursing to the public treasury the precise amount which the conduct of the defendant has rendered it necessary should be expended for the vindication of the public justice of the State and its violated laws. It is money paid, laid out and expended for the purpose of repairing the consequences of the defendant's wrong. It is demanded of him for a good and sufficient consideration, and constitutes an item of debt from him to the Commonwealth.' " *Anglea* v. *Commonwealth* (1853), 10 Gratt. (51 Va.) 696, 701. See also 14 Am. Jur., Costs, §§ 107-113, pp. 69-71.

For the reasons stated the judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*