## Staunton

WILLIAM ERNEST WRIGHT V. J. AUBREY MATTHEWS, JUDGE OF THE CIRCUIT COURT OF WASHINGTON COUNTY, ET AL.

September 6, 1968.

Record No. 6974.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Guy T. Tripp, III* for petitioner.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General; Gerald L. Baliles, Assistant Attorney General,* on brief), for respondents.

GORDON, J., delivered the opinion of the court.

Invoking our original jurisdiction, the petitioner William Ernest Wright seeks a writ of habeas corpus directing his release from a State farm where he is confined for failure to pay the costs of criminal prosecutions.

By a *pro se* petition, Wright first sought a writ of mandamus directing the judge of the Circuit Court of Washington County, who presided at Wright's criminal trials, to release him from custody. We treated that petition as a petition for a writ of habeas corpus and appointed Guy T. Tripp, III, Esquire, of the Richmond bar, as Wright's counsel.

Counsel filed an amended habeas petition, joining as additional

respondents the Superintendent of the Bland Correctional Farm and the Director of the Department of Welfare and Institutions. The amended petition alleged that Wright's imprisonment for nonpayment of costs violates the Thirteenth Amendment and the due process and equal protection clauses of the Fourteenth Amendment.

The Attorney General filed a motion to dismiss, alleging that the statutes authorizing imprisonment for nonpayment of costs do not contravene any constitutional guarantee. The parties' stipulation of the material facts enables us to decide the case on the amended petition and the motion to dismiss.

On November 30, 1964, Wright was convicted on guilty pleas to nine indictments charging statutory burglary and attempted statutory burglary. The court remanded him to jail to serve consecutive sentences and "to serve such [further] time as may be required to pay the costs herein, unless said costs are sooner paid". The clerk assessed costs against Wright totalling $1,064.75.[1]

The State's sole ground for detaining Wright is his failure to pay these costs. If the costs had been paid, Wright would have been released on September 11, 1967; if the costs remain unpaid, he will not be released until July 29, 1970. Wright is indigent and unable to pay the costs.

Two Virginia statutes prescribe the period during which a convicted person may be confined for nonpayment of costs. Code § 19.1-334 prescribes a maximum confinement of two months for persons confined in jail, whereas Code § 53-221 prescribes a maximum confinement of six months for persons "held to labor" on a State farm.[2]

---

[1]Exhibits to the stipulation of facts show that the costs incident to the prosecutions on the nine indictments were assessed separately. The last exhibit sets forth the total costs in consolidated form:

| SUMMARY OF COSTS | |
|---|---|
| Warrant | $ 18.00 |
| Trial—County Court | 18.00 |
| Clerk | 191.25 |
| Sheriff Fees | 21.50 |
| Witnesses | |
| Commonwealth Attorney | 130.00 |
| Atty. County Court* | 225.00 |
| Atty. Circuit Court* | 450.00 |
| Court Reporter—Circuit Ct. | 10.00 |
| Committal | 1.00 |
| TOTAL COSTS | $1,064.75 |

*Fees of Wright's court-appointed attorneys

[2]Code § 53-221 provides:

"Every person held to labor in the State convict road force, or in a chain gang,

(The maximum confinement periods specified in both statutes are applicable to each offense of which the prisoner has been convicted.) Wright's period of confinement has been computed under Code § 53-221 only because a State officer determined that he should be confined at the Bland Correctional Farm, rather than in jail.[3]

The Thirteenth Amendment to the Constitution of the United States provides:

> "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

Since Wright's confinement constitutes involuntary servitude, it is proscribed by the Thirteenth Amendment unless he is confined as punishment for a crime. See *Pollock* v. *Williams*, 322 U.S. 4, 17, 64 S.Ct. 792, 799, 88 L.ed. 1095, 1103 (1944); *Bailey* v. *Alabama*, 219 U.S. 219, 233-34, 31 S.Ct. 145, 152, 55 L.ed. 191, 202 (1911).

Costs assessed against a person who has been convicted of a crime are not part of his punishment for the crime. *Commonwealth* v. *McCue*, 109 Va. 302, 304, 63 S.E. 1066, 1067 (1909); *Anglea* v. *Commonwealth*, 51 Va. (10 Gratt.) 696, 701 (1853) (because costs constitute no part of the punishment for a crime, a pardon does not relieve the pardoned felon of his obligation to pay the costs); *see Kincaid* v. *Commonwealth*, 200 Va. 341, 344, 105 S.E.2d 846, 848-49

---

or State farm, or State Industrial Farm for Women, for the nonpayment of fine and costs, shall be entitled to a credit on such fine and costs, or costs, of seventy-five cents for each day he shall work, and of twenty-five cents for each other day of confinement. . . . The prisoner shall work out the fine and costs, or costs, and shall thereupon be discharged from custody, provided no person shall be held for the nonpayment of fine and costs, or costs, in the State convict road force, chain gang, State farm, or State Industrial Farm for Women for a longer period than six calendar months, although the credit due shall not discharge the fine and costs, or costs, in full.

" * * *

"Upon discharge from custody, as heretofore provided, the fine and costs, or costs, of every prisoner shall be discharged in full . . . .

" * * *" Va. Code Ann. § 53-221 (1967 Repl. vol.).

Unlike Code § 53-221, Code § 19.1-334 does not relieve the convicted person of civil liability for nonpayment of costs after he has served the period of confinement prescribed by Code § 19.1-334.

[3] The record does not disclose the basis for the State's determination that Wright should be confined from September 11, 1967 to July 29, 1970 for nonpayment of costs totalling $1,064.75.

(1958); *Ex parte Wilson*, 89 Ohio L. Abs. 575, 183 N.E.2d 625 (1962).

We therefore hold that Wright's imprisonment for nonpayment of costs contravenes the Thirteenth Amendment.[4]

Accordingly, we do not reach the questions raised by counsel whether confinement for costs (i) impairs the right to counsel guaranteed by the due process clause of the Fourteenth Amendment because an indigent who exercises his right to counsel is confined for nonpayment of counsel fees, and (ii) contravenes the equal protection clause of the Fourteenth Amendment because an indigent who cannot pay the costs is confined, while a person who pays the costs is released.

We will issue a writ of habeas corpus directed to the Superintendent of the Bland Correctional Farm directing that William Ernest Wright be released from custody.

*Writ awarded.*

---

[4]We do not agree with the Attorney General's contention that *State v. Kilmer*, 31 N.D. 442, 153 N.W. 1089 (1915), and *In re Boyd*, 34 Kan. 570, 9 Pac. 240 (1886), support his position that Wright's confinement for nonpayment of costs does not violate the Thirteenth Amendment. In *Kilmer* the court held, contrary to Virginia law, that costs are imposed as part of the penalty for an offense; moreover, the court did not consider the Thirteenth Amendment. *Boyd* was decided on the Kansas Constitution, rather than the Thirteenth Amendment to the United States Constitution.