# CURTIS WILSON, Petitioner, v. STAN SLOAN, Warden, Metropolitan Workhouse, Respondent.

Court of Criminal Appeals of Tennessee. Dec. 5, 1968.

Certiorari Denied by Supreme Court March 3, 1969.

Larry H. Spalding, James T. Havon, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Nashville, Albert D. Noe, IV, Asst. Atty. Gen., Nashville, J. Randall Wyatt, Jr., Asst. Dist. Atty. Gen., Nashville, for respondent.

## OPINION

WALKER, Presiding Judge.

The petitioner below, Curtis Wilson, appeals from the dismissal of his petition for habeas corpus after a hearing in the Criminal Court of Davidson County, Division Three.

The question to be determined is whether or not an indigent defendant may be required to work out costs after the completion of his sentence in the workhouse.

On September 19, 1968, the petitioner was convicted of petit larceny and sentenced to six months imprisonment and to pay a fine of $50 plus costs. He was allowed credit for time in jail from May 11, 1968, awaiting trial. With credit for good time, he has served the sentence and the amount of the fine. Part of the costs have not been served, and he has been released on his own recognizance pending this appeal.

Petitioner contends that his confinement to work out costs violates his rights under the Thirteenth and Fourteenth Amendments to the federal constitution.

T.C.A. Sec. 40-3204 provides that when the judgment of the court is that the defendant be imprisoned until the fine and costs, or the costs only, are paid the defendant shall be committed to jail until the judgment is complied with or the defendant discharged by due course of law.

T.C.A. Sec. 41-1219 provides for workhouse confinement in felony cases when the punishment has been commuted from confinement in the penitentiary to the county jail or workhouse until the sentence and the fine and costs, or costs only, as the case may be, have been worked out, paid or secured to be paid.

In the recent case of State ex rel. Dillehay v. White, 217 Tenn. 524, 398 S.W.2d 737 (1966), this same question as to costs was raised and rejected by the Supreme Court. The court there held that the petitioner was not denied equal protection of the laws by his confinement to work out costs.

State ex rel. Hawkins v. Luttrell, Tenn., 424 S.W.2d 189 (1968), an opinion of our Supreme Court, held that an indigent could not be required to work out jail fees while awaiting trial. The petitioner there raised no question about the normal costs arising out of the trial, and the court distinguished that case from the *Dillehay* case.

We think that the *Dillehay* case controls the situation here.

The costs in this case are $71.80, which amount includes $25.50 litigation taxes. *Dillehay* holds that litigation taxes are not part of the fine or costs and that a defendant cannot be made to work out such litigation taxes in jail.

We call attention to the fine of $50 in this case. Since 1963 a fine is no longer a part of the punishment for petit larceny. T.C.A. Sec. 39-4205.

Upon consideration of the entire matter, we find that the assignments are without merit. The judgment is affirmed.

OLIVER, J., concurs.

GALBREATH, Judge (dissenting).

I respectfully dissent from the majority opinion and

its holding to the effect that a person who, because of poverty, is unable to promptly pay certain items of Court costs in a criminal proceeding, may be imprisoned because of such failure.

As was pointed out by the majority it has already been established in this State that an indigent defendant may not be forced to remain in jail beyond his term to work out costs incurred as jail fees awaiting trial because, as stated in State ex rel. Hawkins v. Luttrell, Tenn., 424 S.W.2d 189, such requirements "do operate to discriminate against the defendant due to his poverty" because, "It is obvious that these particular costs would not be incurred by a defendant able to make bond and, in fact, would not be costs incurred by rich and poor alike." In this holding, the Court relied in part on Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, which held that a State in a criminal trial cannot discriminate against a defendant on account of his poverty.

There is no real basic or fundamental distinction between jail fees and other costs in a criminal case. All costs are fees of one kind or another. Whether the defendant is discriminated against because he is unable to pay the costs of his maintenance while in jail or the clerk's fee upon conviction does not alter the fact that imprisonment for inability to pay works a discrimination against the poor defendant. Jail fees may be, in spite of the reasoning in the Luttrell case, and often are, incurred by rich and poor alike. A wealthy defendant awaiting trial for murder may incur considerable jail fees, not because of his inability to pay a bondsman or even post cash bond, but because the Trial Court refused to admit

him to bail in a capital case. If on trial the wealthy defendant is found guilty of a lesser included offense due to mitigating circumstances and sentenced to the workhouse, fined and ordered to pay the costs, he may easily discharge his financial obligation as to all the costs, jail fees included. His indigent co-defendant may not be able to do so and once again discrimination, based solely on poverty, arises.

The central issue in this case is somewhat obscured because of the validity of imprisonment for punishment, such as a thirty day sentence for assault and battery, and the equal validity of imprisonment for failure to pay a fine in punishment, such as a two dollar fine for public drunkenness, when co-mingled with what I firmly believe to be illegal imprisonment for debt. To clarify the issue let us remove the admittedly legal imprisonment from our consideration and consider only a case involving what I believe to be illegal imprisonment. Suppose for the sake of our reasoning a rich man and his chauffeur are arrested at the same time for being drunk. On being hauled before the Court they are both fined two dollars and cost. The costs amount to twenty dollars. The rich man pulls out his wallet, hands the clerk twenty-two dollars and leaves. The poor chauffeur, who has just been discharged by his employer for drinking on the job, has two dollars only in his pocket. This he pays the clerk for his fine and starts to leave after asking that a statement for the bill of costs be mailed to him in care of the Y.M.C.A., where he will live on credit until his first unemployment check arrives. Instead of being allowed to leave, he is thrown into prison where he must work for ten days. Why? Not as punishment for crime. He had

not received a jail sentence and had promptly paid the fine. The only reason he is imprisoned is because he could not pay a civil debt the moment it was due.

To make the illustration even more vivid, suppose an automobile accident had been involved and prior to the calling of the criminal docket the plaintiff in a damage suit had recovered $100 property damage and his costs from the unhappy chauffeur. The costs in the damage suit before the same judge, assessed for the same officer's and clerk's fees, amounted to the same sum, twenty dollars. Would an enactment by our General Assembly authorizing imprisonment for failure to pay those costs be constitutional? We all know it would not be. But, what is the difference in the assessments   Neither bill of costs had any relation to punishment. Both were strictly revenue gathering levies to obtain operating funds for the judicial system.

The inescapable fact is that the Thirteenth Amendment to the United States Constitution prohibits involuntary servitude except for crime. A fine is punishment for crime. Costs for operating the judicial system that are assessed against an unsuccessful litigant are not levied as punishment by the Court or the jury. A recent Virginia case, Wright v. Matthews, 209 Va. 246, 163 S.E.2d 158, (1968) directly addresses itself to the same issue presented here. In it the Court says:

> "Costs assessed against a person who has been convicted of a crime are not part of his punishment for the crime. Commonwealth v. McCue's Ex'rs, 109 Va. 302, 304, 63 S.E. 1066, 1067 (1909); Anglea v. Commonwealth, 51 Va. (10 Gratt.) 696, 701 (1853)

(because costs constitute no part of the punishment for a crime, a pardon does not relieve the pardoned felon of his obligation to pay the costs); see Kincaid v. Commonwealth, 200 Va. 341, 344, 105 S.E.2d 846, 848-849 (1958); Ex parte Wilson, Ohio App., 183 N.E.2d 625, 89 Ohio L.Abs. 575 (1962)."

Luttrell was based on the Fourteenth Amendment and was concerned only with pre-trial jail fees. This decision herein is based on the Thirteenth Amendment and is concerned with all items going to make up the costs in a criminal case. These costs should be paid and the petitioner should be subjected to all legal processes to require payment. Imprisonment to compel payment of costs is involuntary servitude and repugnant to the Thirteenth Amendment to the United States Constitution and thus is, is my considered opinion, illegal. The lack of money, in and of itself, should never be the cause of imprisonment in our humane society.

I would reverse the judgment of the Trial Court and grant the Petition for the Writ of Habeas Corpus.