# CIRCUIT COURT OF THE CITY OF ROANOKE

George Workman, Jr.

v.

City of Roanoke and
Commonwealth of Virginia

November 30, 1989

Case No. CH89000483

By JUDGE CLIFFORD R. WECKSTEIN

In this suit, which arises under the provisions of the Virginia Setoff Debt Collection Act (Virginia Code Sections 58.1-520 *et seq.*), this Court must determine whether unpaid court costs are dischargeable in bankruptcy.

While questions of bankruptcy dischargeability normally would be decided in the appropriate federal court, the only decision that must be made in this case is one of Virginia law. The facts are not in controversy.

On February 18, 1982, George Workman, Jr. ("Workman") was convicted and sentenced in this Court for petit larceny. Court costs were assessed.

On August 28, 1987, Workman and his wife filed, in the United States Bankruptcy Court for the Western District of Virginia, a joint petition under Chapter 7 of the Bankruptcy Code. In their bankruptcy schedules, they listed a debt to the Roanoke City Commonwealth's Attorney (who was charged with collecting the unpaid court costs), in the amount of $1,500.00. Counsel, in oral argument, have agreed that the debt scheduled was for the court costs assessed as a result of the 1982 petit larceny conviction.

The Commonwealth did not file a proof of claim or otherwise participate in the bankruptcy proceeding. On August 31, 1987, the Honorable H. Clyde Pearson, Chief Judge of the Bankruptcy Court, granted Mr. and Mrs. Workman

a discharge under the Bankruptcy Code. No Complaint Objecting to Discharge was filed by the Commonwealth.

In May of 1989, the Commonwealth notified Workman that, as a result of claimed indebtedness for the unpaid court costs, it had "attached" an income tax refund. Pursuing his remedies under the Setoff Debt Collection Act, Workman now seeks judicial review of an administrative determination that court costs are not dischargeable in bankruptcy.

The Commonwealth bases its argument on 11 U.S.C. Sect. 523(a)(7), which provides, in pertinent part, that a bankruptcy discharge does not discharge an individual debtor from any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss . . . ."

Citing *United States v. Cox*, 33 B.R. 657 (Bkrtcy., M.D. Ga., 1983); *United States v. Pommerening*, 500 F.2d 92 (10th Cir.), *cert. denied*, 419 U.S. 1088 (1974); and the cases cited and relied on in those decisions, the Commonwealth argues that court costs imposed in the Circuit Court for the City of Roanoke, Virginia, are in the nature of nondischargeable fines or penalties.

The authorities cited by the Commonwealth make clear that, in many jurisdictions, court costs are, in fact and law, fines or penalties. In Virginia, however, it is well settled that court costs are neither fines nor penalties. As the Virginia Supreme Court has held:

> Payment of costs is no part of the sentence of the court and constitutes no part of the penalty or punishment prescribed for the offense. Indeed, our statute expressly declares that the laws of costs shall not be interpreted as penal laws . . . . The right to enforce payment of them is a mere incident to the conviction and thereby vested in the Commonwealth for the sole purpose of replacing in the treasury the amount which the defendant himself has caused to be withdrawn from it.

*Commonwealth v. McCue*, 109 Va. 302, 304, 63 S.E. 1066 (1909), *quoting Anglea v. Commonwealth*, 51 Va. (10 Gratt.)

696, 701 (1853). *See* Virginia Code § 14.1-177: "the laws of costs shall not be interpreted as penal laws . . . ."

Costs incident to a criminal prosecution are:

> defined to be an exaction, "simply for the purpose of reimbursing to the public treasury the precise amount which the conduct of the defendant has rendered it necessary should be expended for the vindication of the public justice of the State and its violated laws. It is money paid, laid out, and expended for the purpose of repairing the consequences of the defendant's wrong. It is demanded of him for a good and sufficient consideration and constitutes an item of debt from him to the Commonwealth."

*Kincaid v. Commonwealth*, 200 Va. 341, 344, 105 S.E.2d 846 (1958), *citing* and *quoting* from *McCue* and *Anglea*.

Virginia Code § 19.2-339 defines the term "fine" under Virginia law: "Whenever the word 'fine' is used in this chapter, it shall be construed to refer solely to the pecuniary penalty imposed by a court or jury upon a defendant who has been found guilty of a crime. The word 'fine' shall not include other forfeitures, penalties, costs, amercements or the like, even though they follow as a consequence of conviction of crime."

Code § 19.2-341 provides, in part, that "[p]enalties imposed and costs taxed in any such proceeding shall constitute a judgment in favor of the Commonwealth . . . ." If the General Assembly had intended that "costs taxed" be "penalties," there would have been no need to use both terms. "When the General Assembly uses two different terms in the same act, it is presumed to mean two different things." *Klarfield v. Salsbury*, 223 Va. 277, 284-85, 355 S.E.2d 319 (1987).

By explicit statutory usage in Virginia, then, it is clear that court costs in criminal cases are neither "fines" nor "penalties." The statutes follow the rule of decision that has existed in Virginia for at least 136 years. Our Supreme Court has held, explicitly, that court costs in criminal cases in this state are intended

to be "compensation for actual pecuniary loss." The nondischargeability provision of the Bankruptcy Code, 11 U.S.C. Sect. 523(a)(7), must be read in conjunction with the law of the "governmental unit" to which the debt allegedly is owed; *i.e.*, the law of Virginia must be applied to the language of the Bankruptcy Code. Under Virginia law, the Commonwealth's argument against discharge must fail.

Finally, I note one additional distinction between the situation that existed in the cases cited by the Commonwealth and that which exists in the case at bar. In *Cox, supra*, 33 Bkr. at 662, relied upon by the Commonwealth, the Bankruptcy Judge noted that:

> 28 U.S.C.A. § 1918(b) (West 1966) provides: "Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution." Because the taxing of costs under § 1918(b) is within the discretion of the court in which a defendant's conviction is obtained, *United States v. Pommerening*, [*supra*, citation omitted], it is apparent that Defendant's obligation to pay the costs was imposed as punishment for his violation of the criminal laws. Had the costs represented a claim for pecuniary loss (as in most debtor-creditor relationships), the imposition of the costs should be mandatory rather than discretionary.

Virginia law -- unlike federal law -- makes the taxing of costs mandatory in every criminal case in which the defendant is found guilty. Code § 19.2-236.

The distinction between the statutory and decisional law of Virginia and the law relied on by the *Cox* and *Pommerening* courts is overwhelming. There is no room for debate or discussion about the state of Virginia law. Court costs imposed in criminal cases in Virginia's state courts are not fines or penalties; they are compensation for actual pecuniary loss. Therefore, discharge of these costs is not barred by 11 U.S.C. § 523(a)(7). Because Workman received a valid discharge in bankruptcy of the court costs at issue here, he is entitled to have judgment

414

in his favor in this proceeding.[1]

[1] As the Commonwealth noted in its memorandum of law, the Court and counsel for the debtor both recall reading an unpublished memorandum opinion by Chief Judge Pearson, rendered under the Bankruptcy Code, holding that Virginia court costs are dischargeable in bankruptcy. Diligent inquiry by counsel -- including inquiry with Judge Pearson's chambers -- has failed to produce a copy of that opinion. While it is comforting to know that I have not reached a conclusion contrary to that reached by a Bankruptcy Judge who sits in the same city as this Court, I base my decision here solely on Virginia law and not upon Judge Pearson's ruling.