# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jane Volz Ferrell

March 1, 1995

Case No. (Criminal) K45428

BY JUDGE GERALD BRUCE LEE

This matter is before the Court upon the defendant, Ms. Jane Ferrell's letter requesting that the Court waive accrued interest on court costs assessed against her without notice in 1985. The Commonwealth charges every criminal defendant convicted court costs, including the cost of court-appointed counsel. For the reasons which follow, the Court must deny the motion.

The salient facts are that Ms. Ferrell was convicted of possession of a controlled drug and sentenced September 27, 1985, by Judge William Plummer. At the time of her trial, Ms. Ferrell was represented by court-appointed counsel, Osborne Harrison. The court at the time of sentencing imposed a judgment against Ms. Ferrell for court costs, including $275.00 for court-appointed counsel fees, $15.00 statutory fees for the Commonwealth's Attorney, $55.00 for arrest and committal fees, and $30.00 additional fees for the court reporter, sheriff, Criminal Injuries Compensation Fund, and assorted court costs. The total judgment assessed against Ms. Ferrell is $381.47. Ms. Ferrell claims she was unaware of the judgment until she checked the Clerk's file for another purpose and she learned to her chagrin that statutory interest has accrued on the court costs to date, and the amount due is $460.49. Ms. Ferrell complains that the Clerk did not notify her of the court costs. Additionally, Ms. Ferrell contends that court costs were never explained to her and she was not afforded time to pay the court costs. She moves the Court to waive the interest due and to credit her payments on court costs.

This criminal case is eight years old, and interest has accrued since the date of the conviction. The Court notes that the defendant, Ms. Ferrell, has successfully completed drug treatment and is now gainfully employed. She is a single mother and trying to manage challenging financial problems. The Court commends Ms. Ferrell for the significant steps she has taken to overcome substance abuse and to take responsibility for her family. Ms. Ferrell's request seems to be a reasonable one; however, the Court must follow the law.

Court costs are controlled by § 19.2-336, Virginia Code as amended. Section 19.2-336 requires the clerk to prepare a statement of the whole cost of a criminal case. The statement of court costs is in effect a judgment in favor of the Commonwealth against the defendant. Under this section of the Code, the defendant is liable for the costs of her conviction without any formal entry of a judgment. *Commonwealth v. McCue's Ex'rs*, 109 Va. 302 (1909). The Virginia Code does not allow a judge to reduce or forgive interest due the Commonwealth for court costs. The Court is willing to allow Ms. Ferrell to participate in the sheriff's Fines Option Program to engage in community service work for credit to her court costs if she is so inclined. Accordingly, the Defendant's motion to waive interest on court costs is denied.