LUM EATON *v.* THE STATE.

CRIMINAL LAW. *Costs. Work-house.* A prisoner convicted of a felony, whose punishment has been commuted to imprisonment in the county jail, may be required to work out the costs of the State, adjudged against him, in the county work-house, after his term of imprisonment has expired, if not otherwise paid or secured.

FROM KNOX.

Appeal from the Criminal Court of Knox county. M. L. HALL, J.

W. F. YARDLEY for Eaton.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The jury found the prisoner, Eaton, guilty of petit larceny, and commuted his punishment, as they were authorized to do by law (new Code, sec. 6072), from imprisonment in the penitentiary to imprisonment in the county jail for the period of ten months. Upon this verdict the trial court rendered a judgment that the defendant, for his said offense, undergo imprisonment in the jail of the county for the space of ten months, and that he pay the costs of the prosecution, for which execution may issue. The judgment has been affirmed upon the prisoner's appeal in error. A point is now made whether the judgment should not direct the prisoner to be confined until the costs were paid or worked out, or the prisoner otherwise discharged by law.

It is familiar practice in civil cases, says Mr. Bishop, that costs taxed against a defendant of whom damages are recovered become parcel of the damages, enforcible in the same way with the rest. Hence, by analogy, in criminal cases where costs are given against the defendant by statute, as one ordered to pay a fine is by the statute required to stand committed until he complies, so should be one condemned to pay costs as a part of his punishment: 1 Bish. Cr. Pr., sec. 1321. The court has the power in this State to order the defendant to stand committed until the fine and costs are paid. " No practice is better settled," says Judge Catron in *Hill* v. *State*, 2 Yer., 247. " Where," says the Code, "the judgment

is that the defendant be imprisoned until the fine and costs, or the costs only, are paid, the defendant shall be committed to jail until the judgment is complied with, or the defendant discharged in due course of law": Code, sec. 5270. The Code also provides for the establishment and management of county and corporation work-houses, and then enacts as follows:

Section 5413. "In all cases in which a person is by law liable to be imprisoned in the county jail for safe keeping or punishment, confinement in the work-house, if one be provided, may, in the discretion of the court or justice, be substituted."

Section 5415. "If he be confined for failure to pay fine and costs, he shall be detained until he has paid the fine and costs by the proceeds of his labor, and shall not be allowed to discharge himself by the act of insolvency."

Section 5417. "After the term for which he is imprisoned has expired, he shall be detained until the fine and costs are paid as above provided."

The Code, sec. 5271, and afterwards the act of 1860, chap. 100 (T. & S. Rev., 5271*a*), which repealed it, provided a mode by which the defendant might be discharged "by due course of law." But this section and act were both repealed by the act of 1875, chap. 83 (new Code, sec. 6264), entitled an act to require persons convicted of misdemeanors to work out the costs of conviction. This act expressly provides that every person convicted of a misdemeanor, who fails to pay or satisfactorily secure the fine and

costs adjudged against him or her, shall be sentenced to be confined, and shall be confined in the county work-house, after the term of imprisonment, if any, has expired, until he work out his fine and costs, including all jailer's fees accruing before and after conviction, and down to final discharge.

The result of this legislation is to make the working out of the fine and costs, or costs only, imperative in all misdemeanor cases, but it leaves confinement in the work-house, in lieu of imprisonment in the county jail, to the discretion of the court or justice under section 5413 of the Code. And the court in such cases has the power to order the defendant to stand committed until the fine and costs are paid. In this state of the law the Legislature passed the act of 1881, chap. 105, (new Code, sec. 6073), which provides: "That hereafter all persons charged with felony and convicted of the same, but whose imprisonment has been, by the jury, commuted to imprisonment in the county jail, shall be compelled to work out said term of imprisonment in the county work-house in the county where convicted." The intention of this act was to place such a convict on the footing of an offender convicted of a misdemeanor. And consequently in *Berry* v. *State*, at Nashville, during the December term, 1883, where the appellant was such a convict, and where the trial court had expressly adjudged "that the defendant pay the costs and remain in custody of the sheriff until the costs were paid or secured," we held the judgment valid and affirmed it. In the case before us, the trial court.

has rendered no such judgment as to the costs. But we think he should have done so, and proceeding to render the judgment which that court ought to have rendered, we order that he remain in custody until the costs are paid or secured, and, if not paid or secured, that he work out the same after his term of imprisonment has expired. The costs referred to are the costs of the State: *Knox* v. *State,* 9 Baxt. 202.