SPELLINGS *v.* STATE.

(*Jackson.* June 12, 1897.)

PARDON. *Its effect.*

The pardon of a misdemeanor convict operates to release him from fine and imprisonment imposed as punishment, but does not and cannot release him from liability for costs of the prosecution or from the sentence to workhouse imprisonment for the costs.

Acts construed: Acts 1891, Ch. 123.

Code construed: § 7417 (S.).

Cases cited and approved: Bennett *v.* State, 8 Hum., 126; State *v.* Henley, 98 Tenn., 667; Durham *v.* State, 89 Tenn., 726; Smith *v.* State, 6 Lea, 637; 2 Whar., 440; 8 Blackford, 229; 35 Iowa, 419; 74 N. C., 98; 21 Ohio St., 414; 10 Ill., 214; 42 Miss., 636; 46 Pa. St., 357; 43 Pa. St., 53; 15 L. R. A., 396.

Cited and disapproved: 56 Miss., 654; 3 S. W. Rep., 738.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

HILL & JONES for Spellings.

Attorney-general PICKLE and WALKER & BIGGS for State.

WILKES, J. Defendant was convicted in the Circuit Court of Gibson County of an assault and bat-

tery, and fined $250, and sentenced to jail for six months. He appealed to this Court, and the judgment of the lower Court was affirmed at the last term. Afterward the Governor of the State granted him a pardon in the usual form. The pardon was presented in the Court below, upon a hearing of the procedendo from this Court, and was set up by plea in discharge and release of said fine and imprisonment and all the consequences of said conviction. The Court thereupon adjudged that the defendant was, by the pardon, released and discharged of the fine and imprisonment as punishment, but not from the costs which had accrued in the prosecution. Judgment was thereupon entered for the costs, and the defendant was remanded to jail until he would pay, secure, or work out the costs adjudged. The defendant appealed from so much of the judgment as held him liable to imprisonment until the costs would be paid, secured, or worked out, and ordering him to jail for that purpose.

The pardon, among other provisions, contains the following: " . . . do hereby pardon the said John Spellings of the said offense, so far as relates to the fine and term of imprisonment yet unexpired, but in no [other] way interfering with the judgment and sentence of said Court, and do authorize and direct that said John Spellings be forthwith liberated and put at large."

In the case of *Geo. Smith* v. *State*, 6 Lea, 637, it was held that the pardon of the Governor cannot

release the defendant from the costs of the prosecution that accrue in favor of third persons, as incident to the conviction, although it in terms purports to do so. This is in accord with all the authorities. *State* v. *Farley*, 8 Blackford, 229; *Estep* v. *Lacey*, 35 Iowa, 419 (14 Am. Rep., 498); *State* v. *Mooney*, 74 N. C., 98; *Lebby* v. *Nichols*, 21 Ohio State, 414; *Holliday* v. *People*, 10 Ill., 214 (59 Am. Dec., 579).

In some states it is held that a pardon granted and pleaded before conviction, bars a judgment for Court costs and witness fees. *White* v. *State*, 42 Miss., 636; *Commonwealth* v. *Hitchman*, 46 Pa. St., 357; *Commonwealth* v. *Ahl*, 43 Pa. St., 53; *Fischel* v. *Mills*, 15 L. R. A., 396, note. Under the Constitution and laws of Tennessee, however, the Governor can only pardon after conviction. *Smith* v. *State*, 6 Lea, 638. But while the pardon does not relieve from costs, nor discharge the defendant from his liability for them, still the question remains, can he be required, after pardon, to pay, secure, or work them out, or, in default, be committed or continued in confinement?

The case now before us is a workhouse sentence, under the Act of 1891, Ch. 123, Sec. 12. Shannon, § 7417. This section is in these words: "In all cases where a person is by law liable to be imprisoned in the county jail for punishment, or for failure to pay a fine and costs, or costs only, as the case may be, in misdemeanor cases, and in felony cases where the punishment has been commuted

from confinement in the penitentiary to the county jail, he or she shall be sentenced to be confined, and shall be confined, at hard labor in the county workhouse, until the expiration of their sentence of imprisonment, and thereafter until the fine and costs, or costs only, as the case may be, have been worked out, paid, or secured to be paid.''

Under the Code of 1858, §§ 5271, 5272, and the Act of 1859–60, amending those sections, a person convicted of a misdemeanor, whose term of imprisonment had expired, could obtain a release, though he had not paid the costs of the prosecution or the fine imposed, by taking an oath of insolvency. The consequence was that it became a constant practice for criminals to escape the payment of costs by taking the oath, until it became a mere matter of course. To remedy this evil, among others, the workhouse system was inaugurated, and the oath of insolvency was done away with, so that costs, as well as imprisonment and fine, must be satisfied before 'the criminal was entitled to his discharge. *Durham* v. *The State*, 5 Pick., 726.

While the Governor, under the pardoning prerogative, has the power to release fines and set aside imprisonment when designed as punishment or penalty, his pardon does not extend to costs—a matter which is exclusively within the province of the Legislature. *State* v. *Henley*, 98 Tenn., 667. The pardon in this case does not attempt to do so. It provides that the defendant is pardoned of the of-

fense so far as relates to the fine and term of imprisonment, ''but in no [other] way interfering with the judgment and sentence of said Court,'' the word other, here supplied, being clearly an omission in the form of the pardon, and necessary to be supplied to give any force whatever to the pardon. It is true that the pardon does authorize and direct that Spellings be forthwith liberated and put at large, but this does not mean that he is to be released until he has complied with that part of the sentence which the Governor could not release and did not attempt to discharge. This was the effect given to the pardon of the Governor in *Bennett* v. *The State,* 8 Hum., 126, where the terms of the pardon are the same as in this case, and the direction was that Bennett be forthwith liberated and put at large. This Court, upon the plea of pardon being filed, directed that Bennett be discharged from confinement upon condition that he pay, or secure to be paid, the costs of the prosecution.

We are not called upon to decide what is the effect of such pardon in felony cases when the convict is in the penitentiary, and in which the sentence of the Court does not direct that he be confined until the costs are paid, as is done in workhouse sentences like the present. We have been cited to the cases of *Ex parte Gregory*, 56 Miss., 654, and *Ex parte Purcell*, 31 S. W. Rep., 738 (Arkansas case), as holding that judgment for costs cannot be enforced by imprisonment in case of par-

don, although the civil liability may remain. Also to case of *Ex parte McDonald*, 2 Whar., 440, holding the opposite. Necessarily, in each case the effect. of the pardon must depend largely upon the provisions of the Constitution and laws of the State, and be governed by them, so that these cases are not controlling. In the case now on trial the statute clearly provides that costs shall be enforced by imprisonment and hard labor in the workhouse, as well as the imprisonment and fine, and the Governor has no power, nor has he attempted, to release and discharge the costs.

The judgment of the Court below must be affirmed.