STATE OF TENNESSEE ex rel. RAYMOND T. HAWKINS,
Plaintiff in Error,

*v.*

MARK H. LUTTRELL, Warden of the Shelby County
Penal Farm, Defendant in Error.

424 S.W.2d 189.

(*Jackson,* April Term, 1967.)

Opinion filed January 29, 1968.

WALTER BUFORD and PAUL W. DENTON, Memphis, for
plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for defendant in error; and PHIL M. CANALE, JR., District Attorney General, and ROBERT K. DWYER, Assistant District Attorney General, Memphis, prosecuted the case in the trial court.

MR. JUSTICE DYER delivered the opinion of the Court.

Raymond T. Hawkins, herein referred to as petitioner, appeals from the action of the trial judge in dismissing his petition for the writ of habeas corpus.

Petitioner, prior to his conviction for forgery, being unable to make bond due to his poverty was held in the county jail for a period of ninety-nine days awaiting trial. During this period there accumulated jail fees, in the amount of $173.00, which upon conviction have been assessed against petitioner as a part of the court costs. Petitioner, required to pay this amount as a part of the court costs, remains in prison beyond the term of his sentence the time necessary to pay this sum at the rate of

$2.00 per day. This practice is well established in this State, both by statute and case law. See T.C.A. secs. 40-3203 and 40-3204. Also, *Hill v. State,* 10 Tenn. 247 (1829); *Eaton v. State,* 83 Tenn. 200 (1885).

Petitioner alleges this requirement he serve time in jail beyond his term in lieu of payment of cost incurred as jail fees prior to trial is denial of equal protection of the laws required by the language copied below of the first section of the Fourteenth Amendment to the Constitution of the United States:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property; without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In order to more clearly focus upon the particular issue here raised two facts should be noted. First, the above language of the Fourteenth Amendment refers to State action and in order to invoke same, State action must be involved. *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). In the case at bar this presents no problem since petitioner is imprisoned pursuant to State statute. Second, there were other costs assessed against the petitioner in the amount of $69.00, which were the normal costs arising out of the trial and would be assessed against the defendant upon conviction regardless of whether he would have been in jail awaiting trial or on bond awaiting trial. Petitioner raises no issue in regard to these costs.

Petitioner's position is as follows: That the State has enacted statutes under which he is imprisoned beyond

his term to satisfy costs incurred as jail fees while he was in jail awaiting trial; that these costs were incurred due to his poverty in that due to his poverty he was unable to make bond; that such costs would not be incurred to a person in a position to make bond. Petitioner reasons the operation of these statutes as they apply to jail fees incurred while awaiting trial in fact discriminate against him on account of his poverty; that a State in a criminal trial cannot discriminate against defendant on account of his poverty. *Griffin v. People of State of Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

In the recent case of *State ex rel. Dillehay v. White,* 217 Tenn. 524, 398 S.W.2d 737 (1966), this same question as to costs was raised and rejected by this Court. There is, however, an important factual difference in the case at bar and the *Dillehay* case. In the *Dillehay* case the Court had before it objection to all the costs which were in the record as one lump sum. Since the defendant in the *Dillehay* case did remain in jail awaiting trial, it is probable a part of the costs complained of were jail fees incurred awaiting trial. Even so, in the *Dillehay* case that part of the costs incurred as jail fees awaiting trial were not brought to the attention of the Court nor was it claimed these particular costs were to be treated any differently than any other costs. The factual difference in the *Dillehay* case and the case at bar is that now objection is made only to that part of the costs incurred as jail fees awaiting trial.

We agree the statutes requiring an indigent defendant to remain in jail beyond his term to work out costs incurred as jail fees awaiting trial do operate to discriminate against the defendant due to his poverty, and are in conflict with the above copied language of the

Fourteenth Amendment to the Constitution of the United States. It is obvious that these particular costs would not be incurred by a defendant able to make bond and, in fact, would not be costs incurred by rich and poor alike.

The judgment of the trial court is reversed and the petition for the writ of habeas corpus granted.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.