William C. ANDERSON

v.

Buford ELLINGTON, Governor of the State of Tennessee, George F. McCanless, Attorney General of the State of Tennessee, Harry Avery, Commissioner of Correction, Nelson Graves, Warden of the Metropolitan Workhouse for Nashville, Davidson County, Tennessee, John Frazier, Sheriff of Davidson County, Tennessee, and Earl Hawkins, Clerk of the Criminal Courts for Davidson County, Tennessee.

Civ. No. 5344.

United States District Court
M. D. Tennessee,
Nashville Division.

June 18, 1969.

Larry Helm Spalding, James Tyre Havron, George E. Barrett, Karen Ennis, Nashville, Tenn., and Hugh Stanton, Jr., Memphis, Tenn., for plaintiff.

Elmer D. Davies, Jr., Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for defendants Ellington, McCanless and Avery.

Charles E. Griffith, III, and Joe M. Ragland, Metropolitan Legal Department, Nashville, Tenn., for defendants Graves and Hawkins.

Joe P. Binkley, Nashville, Tenn., for defendant Frazier.

Before HARRY PHILLIPS, Circuit Judge, and WILLIAM E. MILLER, Chief District Judge, and FRANK GRAY, Jr., District Judge.

## PER CURIAM.

This action came before the court on plaintiff's application for a preliminary injunction. At the hearing thereon certain facts were stipulated by the parties, and it was agreed that the hearing could be treated by the court as a final hearing on the merits of plaintiff's application for a permanent injunction, subject to disposition by the court of certain preliminary questions.

Plaintiff, William C. Anderson, an indigent, is an inmate of the Metropolitan Davidson County Workhouse in Nashville. He is presently imprisoned there working off costs which were assessed against him in three criminal convictions.[1] He has been imprisoned solely because of his inability to pay these costs since the completion of his sentences on July 24, 1968, some eleven months, and he is scheduled to complete working off the costs on August 6, 1969, whereupon he will be released.

The defendants are: the Governor of the State of Tennessee, the Attorney General of the State of Tennessee, the Commissioner of Correction of the State of Tennessee, the Warden of the Metropolitan Davidson County Workhouse, the Sheriff of Metropolitan Davidson County, and the Clerk of the Criminal Court of Davidson County. Plaintiff brings this action on behalf of himself and others similarly situated seeking to enjoin the defendants from imprisoning indigents for failure to pay court costs under the provisions of T.C.A. §§ 40–3203

---

[1]. Plaintiff was convicted on May 22, 1967, of forgery and passing worthless checks and sentenced to four months in the Metropolitan Workhouse on each charge, sentences to run concurrently, and fined $50. On October 10, 1967, plaintiff escaped from the Metropolitan Workhouse, but he was recaptured, and, on May 13, 1968, he was convicted of the offense of felonious escape and sentenced to six months in the Workhouse and fined $10.

In addition to the fine and imprisonment, costs were assessed against the plaintiff in the following amounts, as they relate to each offense of which he was convicted:

| | | |
|---|---|---|
| 1. Forgery | $ | 401.18 |
| 2. Passing worthless checks | | 73.60 |
| 3. Felonious Escape | | 417.60 |
| TOTAL | $ | 892.38 |

Plaintiff completed the service of all his sentences on July 24, 1968, and he is now imprisoned, working off the costs assessed against him at the rate of $5 per day. He will complete working off these costs and will be released on August 6, 1969.

and 40-3204. These statutory sections are as follows:

"40-3203. *Imprisonment for nonpayment.*—If the fine and costs are not paid, or the judgment confessed, according to the provisions of § 40-3202, the defendant shall be imprisoned until the fine and costs are paid, or he is otherwise discharged by law.

"40-3204. *Judgment of commitment until fines and costs paid.*—When the judgment is that the defendant be imprisoned until the fine and costs, or the costs only, are paid, the defendant shall be committed to jail until the judgment is complied with, or the defendant discharged by due course of law."[2]

Plaintiff's attack on these statutory provisions is grounded on his allegation that such imprisonment is violative of the Thirteenth Amendment to the Constitution of the United States, and of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment. Since the complaint seeks to enjoin the enforcement of a State statute on constitutional grounds, a three-judge court has been convened pursuant to the provisions of 28 U.S.C. § 2281 *et seq.*

■ The defendants challenge the jurisdiction of the three-judge court, contending that, since § 2281 by its terms applies only to "any officer of such State," it does not apply, where, as here, the statute in question is enforced and executed by local officials. This contention is without merit. Without question, the statute herein attacked is of statewide application and importance, as opposed to having merely local or limited application. See Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967); Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928); Hyden v. Baker, 286 F. Supp. 475 (M.D.Tenn.1968). A local officer charged with the enforcement of such a State statute is, in the opinion of the court, an "officer of such State" within the meaning of § 2281. Therefore, the court has concluded that a three-judge court does have jurisdiction of this action.

■ Before considering plaintiff's constitutional claims, the court must determine the propriety of proceeding with this suit as a class action under Rule 23, Federal Rules of Civil Procedure. In his complaint, the plaintiff asserts that he brings this action on behalf of himself and "all other indigent prisoners similarly situated." Although this language is a vague description of the class sought to be represented, the court is of the opinion that the complaint, when read as a whole, adequately defines the class as those indigent persons who are presently imprisoned in Tennessee because of their failure to pay costs assessed against them in criminal proceedings. Further, the court is of the opinion that the plaintiff is a

---

2. Two other Tennessee statutes, T.C.A. §§ 41-1219 and 41-1222, also make provision for imprisonment of criminal defendants for failure to pay court costs. They provide, in relevant part:

"41-1219. *Sentence to hard labor.*—In all cases where a person is by law liable to be imprisoned in the county jail for punishment, or for failure to pay a fine and costs, or costs only, as the case may be, in misdemeanor cases, and in felony cases where the punishment has been commuted from confinement in the penitentiary to the county jail or workhouse, he shall be sentenced to be confined, and shall be confined, at hard labor in the county workhouse until the expiration of his sentence of imprisonment, and, thereafter, until the fine and costs, or costs only, as the case may be, have been worked out, paid, or secured to be paid. * * *"

"41-1222. *Detention for failure to pay fine.*—If he be confined for failure to pay a fine and costs, he shall be detained until he has paid the fine and costs by the proceeds of his labor. After the term for which he is imprisoned has expired, he shall be detained until the fine and costs are paid, as above provided."

Although these statutes are not specifically attacked in the complaint, the practice under these sections of imprisoning indigents for failure to pay costs, will necessarily be reached by the court's decision with regard to T.C.A. §§ 40-3203 and 40-3204.

proper representative of this class as so defined. Therefore, the court finds that the plaintiff may maintain this action as a class action.

■ In this connection, it would appear that plaintiff might well have proceeded against defendants Hawkins, Frazier and Graves, the Davidson County officials, as representatives of a class composed of all those local officials in Tennessee who are charged with the responsibility of implementing the statutes here under attack. Since, however, the defendant Ellington, as Governor of the State, is charged by the Tennessee Constitution, Article 3, § 10, with the responsibility of seeing that the laws of the State are faithfully executed, it appears to the court that he adequately represents all those officials whose actions are necessary to implement these State statutes, whether they be State or local officers.

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

■ Since imprisonment as involved herein constitutes involuntary servitude,[3] the question presented is whether or not court costs assessed against a convicted defendant in a criminal case constitute punishment for the crime of which he was convicted.

The Tennessee courts have tended, with one notable exception hereinafter referred to, to lump costs with fines in the few cases which have discussed the problem, thus treating costs, by implication at least, as part of the punishment for the crime committed. See Williams v. State, 155 Tenn. 364, 293 S.W. 757 (1927); Thompson v. State ex rel. Burris, 191 Tenn. 221, 232 S.W.2d 42 (1950). This implied treatment of costs as part of punishment was not rebutted by the Tennessee Supreme Court deci-

sion in State ex rel. Dillehay v. White, 217 Tenn. 524, 398 S.W.2d 737 (1966), nor in State ex rel. Hawkins v. Luttrell, 221 Tenn. 32, 424 S.W.2d 189 (1968), although in the latter case the court reached the same conclusion with regard to certain pretrial costs as was reached in Dillehay v. White, 264 F.Supp. 164 (M.D.Tenn.1966).

Despite the apparent attitude of the Tennessee courts, as indicated by the decisions just cited, an examination of Tennessee procedure indicates that, in practice, costs are treated both substantively and procedurally in a manner inconsistent with the punishment theory. For example, the statutes defining the various criminal offenses in Tennessee, found in Title 39 of the Tennessee Code Annotated, do not list costs as a part of the punishment for any offense, nor do the general penalty sections, T.C.A. §§ 39-104 and 39-105, provide that costs are a part of the penalty either for a felony or a misdemeanor.

Procedurally, the assessment of costs is not treated as part of the punishment. The amount of the costs to be paid is not determined by the jury when it fixes the punishment of a convicted defendant.

Reference was made, *supra*, to an exception to the implied treatment of costs as part of the punishment by Tennessee courts. This exception is in the cases concerned with the effect of a pardon issued by the Governor. In such cases the Supreme Court of Tennessee has uniformly held that the pardoning power of the Governor does not extend to costs. Spellings v. State, 99 Tenn. 201, 41 S.W. 444 (1897); State ex rel. Barnes v. Garrett, 135 Tenn. 617, 188 S.W. 58 (1915).

In *Spellings* the court affirmed a trial court decision that a defendant who had been pardoned was released and discharged of the fine and imprisonment assessed as punishment, but not from the costs which had accrued in the prosecution. The defendant had been re-

---

3. See Pollock v. Williams, 322 U.S. 4, 64 S.Ct. 792, 88 L.Ed. 1095 (1944); Bailey v. Alabama, 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191 (1911).

manded to jail until he paid, secured, or worked out the costs adjudged against him. In affirming, the court said, "While the governor, under the pardoning prerogative, has the power to release fines, and set aside the imprisonment, when designed as punishment or penalty, his pardon does not extend to costs * * *." (99 Tenn. at page 204, 41 S. W. at page 445.)

Further militating against the view that costs may, in Tennessee, be considered as a part of the punishment is the fact that the costs assessed in criminal cases may bear no reasonable relationship to the offense committed. The costs in a misdemeanor case where the defendant is arrested hundreds of miles from the place of the offense would automatically be far higher than the costs in the most serious felony case where the arrest occurred at the scene of the crime.

■ Upon consideration of all of the foregoing, we conclude that, in Tennessee, costs in a criminal case are not part of the punishment, and we therefore hold that the statutes permitting imprisonment for their nonpayment are void in that respect as violative of the Thirteenth Amendment.[4]

We do not find it necessary to reach the Fourteenth Amendment questions posed by plaintiff; however, certain contentions made by some of the defendants, in answers or in briefs, require comment.

In support of an argument that this court should abstain from asserting jurisdiction herein, defendants cite Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182, rehearing denied, 391 U.S. 971, 88 S.Ct. 2029, 20 L.Ed.2d 887 (1968), and quote the following language therefrom:

"Federal interference with a State's good-faith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction." (At page 618, 88 S.Ct. at page 1339.)

In addition, defendants cite 28 U.S.C. § 1341, which provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

In another section of the brief defendants assert that this is in substance a petition for the writ of habeas corpus, and that the plaintiff has not exhausted his available State remedies as required by 28 U.S.C. § 2254.

■ With reference to the holding in *Cameron, supra,* this court is of the opinion that imprisonment of an indigent because of his nonpayment of costs constitutes the "special circumstances" envisioned in that decision. See Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22 (1965).

■ Assuming, *arguendo,* that costs are taxes, or assuming, on the same basis, that this action is in substance a petition for the writ of habeas corpus, it is clear that neither the "plain, speedy and efficient remedy" required by § 1341 nor the available remedy envisioned by § 2254 exists in the courts of Tennessee under which this plaintiff could obtain relief. The Supreme Court of Tennessee has repeatedly upheld the imprisonment of convicted defendants for nonpayment of costs such as these, most recently having so ruled in State ex rel. Hawkins v. Luttrell, *supra.* Apparently, any attempt to obtain relief in the State courts would be an exercise in futility.

---

4. In Wright v. Matthews, 209 Va. 246, 163 S.E.2d 158 (1968), the Supreme Court of Virginia held that, since under Virginia law costs assessed against a person who has been convicted of a crime are not part of his punishment for the crime, imprisonment for their nonpayment contravenes the Thirteenth Amendment.

In State ex rel. Dillehay v. White, 217 Tenn. 524, 398 S.W.2d 737 (1966), the Supreme Court of Tennessee said:

"On the question of whether petitioner's workhouse confinement is a denial of equal protection because one who could pay the costs would not have to serve time, authority is almost non-existent. In reason, however, it would seem that where costs are such that they are incurred by criminal defendants rich and poor alike, the indigent who is obliged in some way to satisfy these costs is not denied equal protection of the laws. It would, in fact, be a denial to the courts of their power to enforce judgments—an imposition on the integrity of the court—if one financially unable to pay is relieved of his obligation."

Without discussing the Equal Protection argument, since the decision herein is grounded on the Thirteenth Amendment, the court must comment on the statement in the decision that it would be a denial to the courts of their power to enforce judgments if one financially unable to pay is relieved of his obligation. The courts of Tennessee have exactly the same power to enforce their judgments for costs in these cases as they have to enforce any other civil judgment rendered by them. In the section following the attacked sections, it is provided that the clerk may issue execution for the fine and costs adjudged, or any portion of the same remaining unpaid, as in civil cases. T.C.A. § 40–3205.

In the answer filed by the State defendants, it is asserted that the imprisonment of a defendant to collect the court costs "is necessary to secure the presence of the defendant within the jurisdiction of the court." Presumably what is meant by this is that, if the defendant is not imprisoned, he might leave the jurisdiction of the court, taking his property with him, in order to avoid the payment of the costs. This might well be true of any judgment debtor, but Tennessee provides various civil remedies which are available in such circumstances, including attachment, garnishment, or even, in some circumstances, the writ of *ne exeat.* T.C.A. §§ 23–601, 23–701, 23–108.

Counsel will submit an appropriate order within five days.