**Dewey Scott FRAZIER, Petitioner,**

v.

**Herman C. DAVIS, etc., et al.,
Respondents.**

**No. CIV-2-82-108.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

June 16, 1982.

Dewey Scott Frazier, pro se.

William M. Leech, Jr., Atty. Gen., State of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

The petitioner Mr. Dewey Scott Frazier applied *pro se* successively, 28 U.S.C. § 2244(b); Rule 9(b), 28 U.S.C. fol. § 2254, for the federal writ of habeas corpus. He claims again that he is in the custody of the respondent-warden pursuant to the judgment of December 3, 1976 of the Criminal Court of Sullivan County, Tennessee in violation of the federal Constitution. 28 U.S.C. § 2254(a).

It was *held* on November 18, 1981, on the clear and particular plea of the respondent, that, with reference to the same conviction, Mr. Frazier's failure earlier to assert new grounds for relief constituted, as to a successive petition, " * * * an abuse of the federal writ of habeas corpus. * * * " *Frazier v. Warden, Brushy Mountain State Penitentiary,* D.C.Tenn. (1981), 537 F.Supp. 17,[1] judgment affirmed C.A.6th (1982), 698 F.2d 1219 (table).[2] The claims of Mr. Frazier at that time were that he had been deprived of his right to obtain compulsory process for a witness in his favor, Constitution, Sixth Amendment, and that he was denied federal due process, Constitution, Fifth and Fourteenth Amendments, by being deprived, because of pretrial publicity, of impartial jurors.

The current claims of Mr. Frazier are (1) that his present incarceration, because of his "status" as an habitual-criminal, is not punishment for crime of which he has been duly convicted but is rather involuntary servitude violative of the Constitution, Thirteenth Amendment,[3] and (2) that he was deprived of federal due-process when the judge presiding over his trial in state court denied him a hearing into his mental competency to stand trial and to be punished for his criminality. Mr. Frazier claims he exhausted eventually his available state remedies as to his latest issues in the courts of Tennessee which he had a right under the law of Tennessee to raise in *Dewey Scott Frazier,* petitioner, v. *State of Tennessee,* respondent, no. 13,685 BL in the Criminal Court of Sullivan County, Tennessee, affirmed January 2, 1981 in no. 459 by the Court of Criminal Appeals of Tennessee, permission to appeal denied March 17, 1981 by the Supreme Court of Tennessee; and *Dewey Scott Frazier,* petitioner, v. *State of Tennessee,* respondent, in the Criminal Court of Sullivan County, Tennessee, affirmed March 1, 1982 in no. 498 by the Court of Criminal Appeals of Tennessee, permission to appeal denied May 10, 1982 by the Supreme Court of Tennessee in *State of Tennessee,* plaintiff-appellee v. *Dewey Scott Frazier,* defendant-appellant, no. 498. 28 U.S.C. §§ 2254(b), (c).

The applicant, having now alleged new and different grounds for relief through federal habeas corpus proceedings, this successive petition may be dismissed if the Court finds that his failure to assert his most recent grounds in a prior petition constitutes yet another abuse of the writ. Rule 9(b), *supra.* This Court is not satisfied that the applicant has not on earlier applications withheld deliberately the grounds he now seeks to assert, 28 U.S.C. § 2244(b), *supra;* but it is unnecessary to reach that issue, *infra.*

■ Mr. Frazier is under an enhanced sentence of life-imprisonment as an habitual-criminal under the Tennessee Habitual Criminal Act, T.C.A. § 40–2801, et seq. " * * * [T]he Tennessee Habitual Criminal Act * * * provides for enhancement of punishment where a convicted felon has been convicted 3 times previously of felonies, 2 of

---

1. No. CIV–2–81–189, this Court, *esp.* memorandum opinion, order and certificate of November 18, 1981.

2. Order of March 4, 1982 in no. 81–5868, C.A. 6th.

3. " * * * Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." Constitution, Thirteenth Amendment, § 1.

which were violative of certain enumerated statutes of the state of Tennessee. * * * *" *Frazier v. Lane*, D.C.Tenn. (1978), 479 F.Supp. 841, 843, judgment affirmed C.A.6th (1979), 611 F.2d 372 (table), certiorari denied (1980), 444 U.S. 1084, 100 S.Ct. 1042, 62 L.Ed.2d 770; *accord: Chandler v. Freteg* (1954), 348 U.S. 3, 7–8, 75 S.Ct. 1, 3–4, 99 L.Ed. 4, 8–9 (The Tennessee Habitual Criminal Act merely enhances punishment for a fourth-time felony offense, does not create a separate offense, and is essentially independent of the fourth-felony charge).

The Court of Criminal Appeals did not address in its opinion of March 1, 1982 Mr. Frazier's specific claim that such Act violates the Constitution, Thirteenth Amendment, *Dewey Scott Frazier, petitioner, v. State of Tennessee,* respondent, no. 498, *supra.* It was therein stated only that: " * * * The issue as to the constitutionality of the habitual criminal statute is without merit. *Pearson v. State*, 521 S.W.2d 225 (Tenn.1975). * * * " opinion, p. 1.

*Pearson, supra,* did quote from *Graham v. West Virginia* (1912), 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917, 921, for the general proposition that the Supreme Court of the United States had *held* that legislation, enhancing the punishment of habitual offenders, is " * * * not * * * repugnant to the Federal Constitution. * * * " This must be understood, however, as holding merely that such statutes have been sustained in that Court " * * * on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities. * * * " *Spencer v. Texas* (1967), 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606, 611[2] (" * * * Statutes imposing additional penalties for recidivists or habitual criminals are not unconstitutional per se.")

*Pearson* itself only *held* in this respect that the Tennessee Habitual Criminal Act, *supra,* does not violate the Federal Constitution, Fifth Amendment, Double Jeopardy Clause, *ibid.,* 521 S.W.2d at 227–228, 228[5],

or the Federal Constitution, Eighth Amendment, Cruel and Unusual Punishment Clause, *ibid.,* 521 S.W.2d at 229[7]. It does not appear clearly, therefore, that the *Frazier* Court spoke specifically to his claim under the Thirteenth Amendment.

A federal circuit Court of Appeals has done so, however, as follows:

* * * The fact that the statute employs the device of two separate and distinct penalties, the normal penalty for the offense last committed, plus an additional penalty of life imprisonment, does not * * require that the latter be regarded as punishment for the status rather than for the offense last committed. In our opinion this unique, separate and distinct penalty feature of the * * * statute does not have the effect of removing the life imprisonment penalty from the category of "punishment for crime." It may be imposed only where a status of habitual criminality has been attained by reason of the subsequent felony conviction. It is imposed as an incident to that conviction as enhanced punishment. It is the subsequent conviction which results in both the status of habitual criminal and the imposition of both the normal and the further or additional penalty of life imprisonment. Such penalty is imposed as an incident to such conviction of crime and in our opinion is punishment for crime excepted from the prohibition of the [Constitution,] Thirteenth Amendment.

* * * * * *

*United States v. Dowd,* C.A.7th (1959), 271 F.2d 292, 295[3], certiorari denied (1960), 362 U.S. 978, 80 S.Ct. 1063, 4 L.Ed.2d 1013. This Court concurs in that opinion as pertains to the Tennessee Habitual Criminal statute, *supra.*

The applicant's reliance on *Anderson v̇. Ellington* (3-judge) D.C.Tenn. (1969), 300 F.Supp. 789, is misplaced. There, the holding was essentially: " * * * [I]n Tennessee, costs in a criminal case are not part of the punishment, and * * * the statutes permitting imprisonment for their nonpayment are void in that respect as violative of the Thirteenth Amendment. [Footnote refer-

ence omitted.] * * * " *Ibid.,* 300 F.Supp. at 793[6].

There was a determination after a hearing on the merits of the factual issue, made by the Criminal Court of Sullivan County, Tennessee, a court of competent jurisdiction to which Mr. Frazier and the state of Tennessee were parties, as evidenced by a written opinion of the Court of Criminal Appeals of Tennessee of March 1, 1982 in *Dewey Scott Frazier, appellant v. State of Tennessee,* no. 498 (Sullivan County), that there was no merit to the applicant's claim that " * * * the original trial judge erred in denying petitioner's [Mr. Frazier's] request for a mental examination and to allow him to present testimony, during the habitual criminal portion of his trial, that he was not a violent person * * *." Appellate Judge Cornelius stated in that regard for the Court:

By his own assertion, Frazier states the six issues were presented to the trial court in the prior post-conviction proceedings and found to be without merit. On appeal that entire record was submitted to this Court and subsequently to the Supreme Court [of Tennessee]. In a per curiam opinion the Supreme Court denied permission to appeal noting that its decision was based upon a review of the entire record.

Upon examination of the entire record, it is plain that the three issues omitted from the appeal of the prior post-conviction [sic] had no merit. In the appeal of his original conviction twelve issues were presented. This Court's original opinion included an expressed finding that "the defendant [applicant here] stands before this Court clothed in the presumption of guilt and the burden has now shifted to him to show that the evidence preponderates against the jury verdict of guilty, approved by the trial judge. This he has failed to do. * * *" See *Frazier v. State,* 566 S.W.2d 545, 549 (Tenn.Cr.App. 1977) cert. denied 1978. Post-conviction proceedings may not be used to review or correct errors of law or facts allegedly

committed by a court of competent jurisdiction. * * *

*Ibid.,* opin., at p. 2.

Under the circumstances presented here, *cf.* 28 U.S.C. § 2254(d)(1)–(8), inclusive, that determination " * * * shall be presumed to be correct * * *." 28 U.S.C. § 2254(d). This Court so presumes herein; and, of course, the concomitant claim of Mr. Frazier, that he is in custody violative of the Constitution of Tennessee, cannot be entertained by this Court. *Gemmel v. Buckkoe,* C.A.6th (1966), 358 F.2d 338, 341[3], certiorari denied (1966), 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306, rehearing denied (1967), 385 U.S. 1021, 87 S.Ct. 723, 17 L.Ed.2d 561.

Thus, it is unnecessary to a disposition hereof as law and justice require, 28 U.S.C. § 2243, to consider whether Mr. Frazier's latest application is a further abuse of the federal writ of habeas corpus, 28 U.S.C. § 2244(b), *supra;* Rule 9(b), *supra.* The first of his newest claims states no claim violative of the Constitution, Thirteenth Amendment, *supra;* and the second thereof has been determined factually adverse to his claim, and that determination is presumed correct, 28 U.S.C. § 2254(d), *supra.*

It appearing plainly on preliminary consideration from the instant petition and annexed exhibits that Mr. Frazier is not entitled to relief in this Court, a judgment will be entered that his application is dismissed summarily. Rule 58(1), Federal Rules of Civil Procedure; Rule 4, 28 U.S.C. fol. § 2254. The petitioner will be so notified by the clerk who shall also serve forthwith by certified mail a copy of his petition herein and this order on the respondent-warden and the attorney general and reporter of Tennessee. *Idem.*

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. As the applicant is serving a sen-

tence of life-imprisonment, such certificate, in that event, will ISSUE. *Idem.*