## CIRCUIT COURT OF THE CITY OF PETERSBURG

Christine P. Edenburgh
and James M. Edenburgh

v.

Alexander Jefferson,
C. Y. Nobles, et al.

January 17, 1984

By JUDGE OLIVER A. POLLARD, JR.

This proceeding was instituted by Christine P. Edenburgh and James M. Edenburgh on January 22, 1982, by filing a sworn petition seeking to set aside a conveyance of real estate made in 1961. The Petitioners alleged that there had been no consideration for the transfer and that neither had signed the deed or any contract for the sale of the property, and that Defendant Nobles, a realtor, had taken undue advantage of them.

In their sworn deposition the Petitioners persisted in a denial of their signatures on the deed. The Defendant, C. Y. Nobles, filed a written request for admission which included a request that Petitioners admit there was consideration for the conveyance and that both had signed the contract of sale and deed. Petitioners responded by denying both consideration and their signatures to the contract and deed.

The Commissioner in Chancery, Richard L. Jones, took evidence and concluded that the signatures to the deed were in fact those of the Edenburghs and that the Defendant C. Y. Nobles, a realtor, had not gained any undue advantage of the Edenburghs, as alleged in the Pe-

tition. The Commissioner opined that the claim of the Petitioners was not only lacking in merit but was vexatious and that the sole remaining Defendant, Nobles, was entitled to reimbursement of all costs involved in defending the suit.

The Petitioners, on September 9, 1983, filed an Exception to the Report of the Commissioner attacking the Commissioner's finding that the 1961 deed was valid and continuing to deny the signature of Christine Edenburgh.

Thereafter, on October 3, 1983, Defendant Nobles moved the Court that the Petitioners be required to pay all of his costs and fees as well as the Commissioner's fee.

After reviewing the entire file, the Court concluded that the evidence was overwhelming that the Petitioners had signed not only the deed in question but a contract of sale, setting out the details of the transfer and evidencing consideration for the transfer. The Petitioners continued to deny their signatures under oath and in responses to request for admissions after any semblance of supporting evidence collapsed. Having reached this conclusion, I requested research assistance from the Court Legal Research Assistance Project, on whether the Court has authority to make an award such as requested by the Defendant Nobles. A copy of their Memorandum and enclosures are on file in this cause.

This Court's determination is that the Exceptions filed by the Petitioners to the Commissioner's Report be overruled, and the Commissioner's report be affirmed. Having concluded that Petitioners were unjustified in failing to admit the truth of matters which were properly requested for admission under Virginia Supreme Court Rule 4:11 and later proved at trial, the Court will direct that the Petitioners pay the expert fee of $1718.46 and counsel fees of $1100.00 which the Court considers reasonable, pursuant to Rule 4:12(c). Additionally, the Court will direct that Petitioners pay the Commissioner in Chancery's fee of $375.00, which the Court determines is reasonable.