## CIRCUIT COURT OF CLARKE COUNTY

Dorothy Pauline Powell et al.

v.

Jack C. Wilson et al.

July 21, 1995

Case No. CL93-2504

BY JUDGE JOHN E. WETSEL, JR.

Following the trial of this case in which the Plaintiffs prevailed in their ejectment action, the Plaintiffs moved the Court for an award of attorney's fees and payment of court costs to include the cost of their surveyor who testified as an expert witness and certain other costs attendant to the survey. The Court denied the motion for an award of attorney's fees and took under consideration the question as to whether expert witness fees may be assessed as costs in a law action.

In W. H. Bryson, *Notes on Virginia Civil Procedure*, p. 169 (1979), Professor Bryson states:

> Costs are certain official expenses of litigation which the court orders the losing party to pay the winner. Court costs are not a part of the judgment but are appurtenant to it. At common law the law of costs is purely statutory; costs were not awarded in the traditional practice. In equity, the award of costs to the prevailing party is and always has been in the sound discretion of the equity judge; this traditional discretion is confirmed by statute. It is the clerk of the court who taxes (computes and imposes) the court costs.

*See generally* W. H. Bryson, *Handbook on Virginia Civil Procedure*, Ch. XIII (1989). Court costs are governed generally by Virginia Code § 14.1-177, *et seq.* The costs of process issuing including the cost of orders of publication, the costs of subpoenaing witnesses, and all other fees charged

by officers of the court are the court costs which are usually taxed. Virginia Code § 14.1-198.

Requests for payment of the costs of witnesses are very infrequently encountered by the courts, which is probably due to the fact that the costs are only an incidental and usually very small consideration in the context of the substantive issues of most lawsuits, so their full payment is frequently either overlooked in the aftermath of the trial or waived by the parties. Virginia Code § 14.1-190 provides that the witness in a civil action may recover his "mileage," and that "every witness who qualifies as an expert witness, when compelled to attend and testify, shall be allowed such compensation and mileage as the Court may, if requested in its discretion, order without regard to any limitation above set forth, but the same shall be paid by the party in whose behalf he shall testify." While the party calling an expert witness will ordinarily pay that witness, there are exceptions to this rule, one of which is where a party has filed a request for admissions which has been denied and then that party has successfully prevailed and proven the issues denied at trial, in which event the reasonable costs of proving that fact including the costs of the expert witness and attorney's fees may be recovered. Supreme Court Rule 4:12(c); *see, e.g., Edenburgh v. Jefferson*, 11 Va. Cir. 538 (Petersburg 1984). In some instances the costs of depositions read into evidence may be recovered. *University Support Servs., Inc. v. Galvin*, 32 Va. Cir. 47, 55 (Fairfax 1993).

Generally speaking, the laws of costs are remedial and are to be liberally construed for the sake of the remedy sought to be enforced. *Commonwealth v. McCue Ex'rs*, 109 Va. 302, 63 S.E. 1066 (1909). Moreover, the general section governing the assessment of costs, Va. Code § 14.1-198, in its concluding sentence authorizes the taxing as costs of "every further sum which the Court may deem reasonable and direct to be taxed for depositions taken out of the Commonwealth, or for any other matter." This would appear to be a general grant of discretion to the Court to assess costs incurred which it deems are just and reasonable under the circumstances of a particular case, regardless of whether the case is in law or equity. *See generally Firebaugh v. Hanback*, 247 Va. 519, 527, 443 S.E.2d 134 (1994) (equity case). This principle was applied in *Ryan v. Davis*, 201 Va. 79, 85, 109 S.E.2d 409 (1959) (highway condemnation action), where the Supreme Court affirmed the trial court's award of taxable costs which included "a liberal allowance for surveys and expert witness fees," but the Supreme Court opined that the trial court "was most liberal in allowance of costs," which is an implicit preference for the rule expressed in § 14.1-

190 and the general rule that, absent special circumstances, the "fees paid by a party to expert witnesses are not recoverable as part of the cost of the action . . . ." 20 Am. Jur. 2d, *Costs*, § 65.

Insofar as the cost of a survey is concerned, Va. Code § 8.01-181 specifically provides that "the Court may appoint a surveyor and direct such surveys to be made as it deems necessary, and the costs thereof shall be assessed as the Court may direct." While this statute appears in the general article governing motions for judgment to establish boundary lines, in this particular case, the Court directed the Plaintiff who prevailed to have a survey prepared establishing the new boundary line. Although this case was technically an ejectment action, it was tantamount to a motion for judgment to establish a boundary line. "In actions relating to real property, it has been held that the expense of a survey, map, or plat prepared for use in a case pursuant to a court order is taxable as costs against the losing party, even though there is no statute expressly authorizing such taxation." 20 Am. Jur. 2d, *Costs*, § 62. Therefore, Court will order that the Defendants pay the cost of preparing the survey to be appended to the final judgment order, the cost of setting the corners at the points ordered by the Court, and the mileage of the Plaintiff's surveyor in traveling to and from court as taxable costs of this action.

Upon further reflection it would appear more practical and less expensive to have the Defendant's surveyor, who is local, to set the corners and to prepare the survey to be appended to the final order, rather than the Plaintiff's surveyor. The Plaintiff is directed to submit a bill of costs to include the mileage of its expert's travel to the Court for its review and approval. A blank will be left in the final order for the court to insert the costs which are awarded.