## CIRCUIT COURT OF THE CITY OF NORFOLK

Melanie Jones

v.

Robert Brown and
Sentara Norfolk General Hospital

May 21, 1996

Case No. L94-4477

BY JUDGE CHARLES E. POSTON

This action is before the Court today upon the Defendant's motion for "costs associated with their defense." All parties submitted memoranda in support of their respective positions.

Trial of this action commenced October 26, 1995, and ended October 31, 1995. It was a four-day trial terminating with a jury verdict for the defendants. The jury, it should be noted, deliberated about two hours before returning a verdict. This was not a frivolous case. The case was well-prepared by counsel, and it was obvious that preparation involved substantial time and expense. On November 2, 1995, the Court entered an order granting judgment for the defendants upon the jury's verdict and ordering, in standard language, that the defendants "shall recover from the plaintiff their costs about defense herein expended."

Against this background, the defendants seek costs in the sum of $11,214.69. In their affidavit in support of their motion for costs, the defendants itemize costs which may be fitted into several categories:

1. Sheriff's fees.
2. Clerk's fees.
3. Costs of copies of records.
4. Expert witness fees.
5. Court reporter's fees for deposition transcripts (including indices).
6. Court reporter's fees for hearing transcripts.

7. Private process server's fees for serving subpoenas.

8. "Photocopies, mileage, and postage."

9. Photographer's fees (including blow-ups of trial exhibits).

Taxing of costs in litigation was unknown at common law. *Ryan v. Davis*, 201 Va. 79, 85 (1959). Title 14.1, Chapter 3, of the Code of Virginia authorizes the taxing of costs. These statutes are in derogation of the common law and must be construed strictly:

> Statutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms. *C. & O. Ry. v. Kinzer*, 206 Va. 175, 181 (1965); *Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1987).

This is true even though a statute be remedial in nature. *O'Connor v. Smith*, 188 Va. 214, 222 (1948); *Sellers v. Bles*, 198 Va. 49, 53 (1956).

The general rule in Virginia is that the prevailing party in an action shall recover his costs from the opposing party. Va. Code § 14.1-178. Secondly, Virginia statutes clarify exactly what items may be considered "costs." Virginia Code § 14.1-190 provides that pre-trial witnesses may be reimbursed for daily mileage and expenses for tolls if he or she makes a claim therefor under oath. The same statute states that expert witnesses are entitled to compensation from the party in whose behalf he testified in such sum as the Court may determine. Rule 4:1(c) of the Rules of the Supreme Court requires the party seeking discovery of any expert witness to pay the expert "a reasonable fee for time spent and his expenses incurred in responding to discovery . . . ." This rule is consistent with Virginia Code § 14.1-190.

Other items which are to be taxed as costs are stated in Virginia Code § 14.1-198:

1. All taxes on process.

2. All fees of officers.

3. Costs of executing an order of publication and any advertisement thereof.

4. Allowances to witnesses.

5. "Any further sum which the court may deem reasonable and direct to be taxed for depositions taken out of the Commonwealth *or for any other matter*." (Emphasis supplied.)

The discretion given the court to tax costs "for any other matter" grants the court broad authority. A rule of reasonableness is implied in any grant of discretion, and when the discretion granted is in derogation of the common law, it should be exercised with great care. Further, the court is concerned that the awarding of costs to a prevailing party has an impact upon the reasonable access to the courts for litigants who have legitimate claims but limited resources.

Turning now to the expenses the defendants claim as costs, the Court will address them in the categories already described.

1. The Sheriff's fees and Clerk's fees are specifically authorized by Code § 14.1-198, so the defendants will be awarded these costs in the sum of $128.00.

2. Costs of copies of records obtained from the Clerk may result in the recipients being charged fifty cents per page. Code § 14.1-1121. Assuming that such records are necessary for litigation, the Court would tax those expenses as costs. However, there is no specific provision for taxing copies made elsewhere as costs. The defendants' affidavit does not indicate why the copies were needed nor what documents were copied. Therefore, the Court will not award costs of copies.

3. Expert witness fees will not be awarded.

4. Court reporter fees for deposition and hearing transcripts are chargeable to the moving party. They are not taxed as costs absent unusual circumstances which are not present in this case. The Court has considered federal practice which defendants discuss in their brief. The simple but accurate response is that federal statutes and rules do not apply. Whether those fees are taxed as costs is a matter for the Court's discretion in Virginia. Code § 14.1-198. In the case at bench, the Court is of the opinion that the costs of deposition and hearing transcripts should not be awarded.

5. Private process servers' fees for serving subpoenas will be taxed as costs. While the Sheriff has traditionally served papers for the Court, the General Assembly has specifically provided for other means of service. Code § 8.01-293. Service of subpoenas is essential to the discovery process and to the trial of a case. The costs claimed for a private process server's fees are reasonable. Therefore, the sum of $65.00 for the private process server's fee will be taxed as costs.

6. The defendants ask for reimbursement in the sum of $385.78 for "Photocopies, Mileage, Postage." Since other (see above) copying costs are claimed, the Court assumes that these "photocopies" are for documents copied by defense counsel and charged to their client in the normal

course of representation. The same assumption applies to mileage and postage. The Court cannot believe that this category of costs was intended to be claimed. There is absolutely no authority for awarding such costs.

7. Photographer's fees (including blow-ups of trial exhibits) will not be awarded.

Because the plaintiff largely prevailed in this motion, he is requested to prepare an order consistent with the views herein expressed.