# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Martel

v.

Collins

January 19, 1999

Case No. 96-186

BY JUDGE EDWARD L. HOGSHIRE

After obtaining a jury verdict, the Plaintiff has moved for costs under Va. Code §§ 14.1-178 and 14.1-198.[1] Upon reviewing the briefs and authorities submitted by the parties, the Court concludes that the Plaintiff's motion should be granted in part and denied in part.

The Defendant contends that the statutes providing for costs should be construed narrowly because they are in derogation of the common law. However, the case that the Defendant cites for this proposition, *Jones v. Brown*, 39 Va. Cir. 256 (1996), acknowledges that "[t]he discretion given the court to tax costs 'for any other matter' grants the court broad authority." *Id.* As another circuit court has observed:

> Generally speaking, the laws of costs are remedial and are to be liberally construed for the sake of the remedy sought to be enforced. *Commonwealth v. McCue Ex'rs*, 109 Va. 302, 63 S.E. 1066 (1909). Moreover, the general section governing the assessment of costs, Va. Code § 14.1-198, in its concluding sentence authorizes the taxing of costs of "every further sum which the Court may deem reasonable and direct to be taxed for depositions taken out of the Commonwealth, or for any other matter." This would appear to be a general grant of

---

[1] Both statutes were repealed and replaced effective October 1, 1998, but since the statutes were in effect at the time of the trial, the parties do not dispute that they govern the matter at hand.

discretion to the Court to assess costs incurred which it deems are just and reasonable under the circumstances of a particular case, regardless of whether the case is in law or equity.

*Powell v. Wilson*, 37 Va. Cir. 184 (1995). *See also; Tico, Inc. v. Zenz*, 17 Va. Cir. 58 (1989) ("Section 14.1-198, Code of Virginia, 1950, as amended, is being construed by the judges of this Court as broadly as it is written."). These authorities, along with the plain language of § 14.1-198, militate against the unduly narrow interpretation that the Defendant proffers.

Plaintiff requests $2,145.75 for costs after subtracting $74.00 which the Defendant has already paid. These requested fees fall into three different categories: court reporter fees, deposition transcripts, and the *de bene esse* deposition.

The *Jones* court summarized the costs permissible under § 14.1-198:

1. All taxes on process.
2. All fees of officers.
3. Costs of executing an order of publication and any advertisement thereof.
4. Allowances to witnesses.
5. "Any further sum which the court may deem reasonable and direct to be taxed for depositions taken out of the Commonwealth or for any other matter."

*Jones*, 39 Va. Cir. at 257. The focal point of the Defendant's motion in opposition is the costs of the *de bene esse* deposition of the Martels (the nominal Plaintiffs), which totaled in excess of $1,700.00. The Court finds that the costs for these depositions are provided for under the statute because they were taken out of the Commonwealth. The videoteleconferencing depositions of the Martels were necessary because they are Canadian residents who cannot be compelled to attend trial in Virginia. Furthermore, a translator was necessary to interpret the unique French-Canadian dialect. At least one circuit court has approved of costs for *de bene esse* depositions: "The costs of this proceeding pursuant to § 14.1-198 of the Code are to include filing fees, subpoena fees served by a sheriff, and court reporter fees for appearance and transcript preparation for any *de bene esse* depositions which were introduced into evidence in lieu of the witness' appearance." *University Support Servs., Inc. v. Galvin*, 32 Va. Cir. 47 (1993). Following the *Galvin* decision and the plain meaning of the statute, the Court awards costs for the *de bene esse* deposition.

Since the remaining costs are not specifically enumerated in § 14.1-198, the question becomes whether the Court should grant them in its discretion. Recent guidance from the Supreme Court suggests that such costs should be granted only when "essential for prosecution of the suit." *Advanced Marine Enter., Inc. v. PRC, Inc.*, 256 Va. 106, 126 (1998). The Court concludes that the court reporter fees for the Martels' depositions were essential for the prosecution of the suit and are properly recoverable. The Defendant requested the Court to exclude prior deposition testimony by the Martels in an earlier related proceeding, which forced the Plaintiff to depose them again. The Plaintiff thus incurred this cost as a result of the Defendant's actions, and it could not have prosecuted the suit without some form of testimony from the Martels.

The court reporter fees and deposition transcript fees for the Defendant's deposition were also essential to the Plaintiff's prosecution of the suit. In her deposition, the Defendant testified to a complete lack of memory regarding the accident. At trial, however, her memory had revived and the Plaintiff relied on the depositions to impeach her testimony.

The remaining cost requested by the Plaintiff is for the court reporter at trial. The Defendant, however, has represented to the Court that it provided and paid for a court reporter at trial. Although there was some confusion between counsel as to who was providing the court reporter, the Court declines to make the Defendant pay twice for this service. Therefore, the Plaintiff's request for the trial court reporter fees is denied.

Consequently, the Court concludes that the Plaintiff is entitled to costs in the amount of $1,990.75.